IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| SCOTT ALLDER | § | |
| v. | § | No. 5:23cv73-RWS-JBB |
| TJ INSPECTIONS, ET AL. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The above *pro se* case has been referred to the undersigned Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. § 636. The Court *sua sponte* recommends Plaintiff's above-entitled and numbered cause of action be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) for failure to state a claim and also for failure to amend as ordered.

## BACKGROUND

*Plaintiff's complaint*

On July 14, 2023, Plaintiff Scott Allder ("Plaintiff"), proceeding *pro se*, filed this employment discrimination action against Defendants TJ Inspections and owner Tricia Junghanns ("Defendants") for alleged discriminatory acts that occurred between September 18, 2022 and September 20, 2022. Dkt. No. 1 at 4. That same day, Plaintiff filed an unsigned and incomplete Motion to Proceed *In Forma Pauperis* (IFP). Dkt. No. 2.

In the form complaint, Plaintiff indicates the following bases for jurisdiction: (1) Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin); and (2) other federal law: Department of Labor – failure to pay OT. Dkt. No. 1 at 3. Plaintiff alleges the discriminatory conduct includes failure to hire and retaliation. However, when asked on what bases Defendants allegedly discriminated against him, Plaintiff did not check any of boxes (e.g., race, color, gender/sex, religion, national origin, age,

disability/perceived disability). *Id.* at 4. According to Plaintiff, Defendant knew that Plaintiff "was aware of them violating federal law." *Id.* Plaintiff does not state precisely what damages or other relief he seeks. The attached Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC")[1] provides more details, wherein Plaintiff asserts as follows:

> [] I began my employment on September 18, 2022, as a Welding Inspector. At all times I performed my duties in a satisfactory manner. During the interview process with Human Resources, I inquired what was the pay per hour. The employer informed me that the pay per day was $400.00 depending on the county I would work in, which was the same with the per diem. After the two-day training was completed, I asked one of the trainers/instructors about how the company got around federal laws of not paying overtime wages. I was immediately criticized by the employer for asking questions of overtime wages.
>
> [] Subsequently, I was contacted on September 20, 2022, by Chris Hartley, who informed me that the employer will not be moving forward placing me in an assignment I was to be placed in.
>
> [] I believe that I have been retaliated against because of my complaints, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Dkt. No. 1-1.

***Order to amend following grant of refiled IFP motion and required screening***

In the Court's September 7 Order granting his refiled IFP motion, the undersigned explained to Plaintiff that when a plaintiff is proceeding *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines the allegation of poverty is untrue or the action or appeal is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 9 at 1. The order explained the review of the complaint shows that Plaintiff failed to plausibly state a claim on which relief may be granted. Specifically, Plaintiff's Title VII discrimination claim fails because he did not allege he was a member of a protected class or that

---

[1] Because the EEOC charge was referenced in and attached to the form complaint, the Court may consider the charge in evaluating the sufficiency of the pleadings in stating a claim upon which relief may be granted. *Fabela v. Corpus Christi Indep. Sch. Dist.*, No. 2:19-CV-387, 2020 WL 2576175, at *1 (S.D. Tex. May 21, 2020) (citing *Collins v. Morgan Stanley DeanWitter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

similarly situated employees outside his protected class were treated more favorably. Dkt. No. 9 at 3. The order further advised Plaintiff that his Title VII retaliation claim failed because Plaintiff did not allege he was retaliated against for opposing *discriminatory* conduct forbidden by Title VII. *Id.* at 4 (noting Plaintiff alleges he was discriminated against for asking questions "about how the company got around federal laws of not paying overtime wages").

Rather than recommend dismissal, the undersigned allowed Plaintiff, who is representing himself, an opportunity to amend his complaint. Therefore, in the September 7 Order, the undersigned ordered Plaintiff to file an Amended Complaint on or before October 6, 2023, setting forth (1) the basis for this Court's jurisdiction over this litigation; (2) the claims asserted against each of the Defendants; and (3) the factual allegations in support of Plaintiff's claims under Title VII. *Id.* at 5 (noting that service of process would not issue, if at all, until the Court completes its review or screening of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A). Plaintiff was advised that failure to file an amended complaint to cure the deficiencies identified in the September 7 Order within the time prescribed would result in a recommendation to the District Court that Plaintiff's complaint be dismissed. *Id.*

*Accommodations for electronic service*

On August 22, 2023, Plaintiff filed a notice of unavailability in his separate Cause No. 5:23-cv–13. Cause No. 5:23-cv-13, Dkt. No. 26. In his notice, Plaintiff stated that he had to leave the state to attend to a family member for what is expected to be four to five months. *Id.* According to Plaintiff, he would not be available to receive or respond to any further documents either certified or otherwise and would contact the Court "asap if and when the situation changes." *Id.*

On August 24, 2023, the Court entered an order in both of Plaintiff's cases (Cause No. 5:23cv13 and 5:23cv73), advising Plaintiff that he is responsible for prosecuting both cases and for complying with court orders. Dkt. No. 4 at 1. Based on Plaintiff's representation in the notice that he would be out of the state for possibly four to five months, the Court ordered the Clerk of the

Court to forward to Plaintiff, along with the August 24 Order, a copy of the Eastern District of Texas' Pro Se Litigant's Consent to Receive Electronic Notice. *Id.* at 2. The Court further ordered that within fifteen days from the date of receipt of the August 24 Order, Plaintiff shall return the completed and signed consent form containing his e-mail for electronic service so that during his time away from home, Plaintiff would receive electronic notification of all court filings and be able to communicate with the attorneys representing the defendants, as necessary. *Id.* (advising Plaintiff that during his time away he is expected to stay involved in both cases and to adhere to any deadlines contained in the Federal or Local Rules or in Court filings e-mailed to him and further instructing Plaintiff to notify the Court upon his return home). On September 1, 2023, Plaintiff provided his consent to receive electronic notice. Dkt. No. 8.

Approximately one week later, the Court received Plaintiff's handwritten request for the Court allow him some way to file responsive pleadings via email. Dkt. No. 10. In response, Plaintiff was given the option of emailing properly attached and signed pleadings, motions, or other papers for filing in the above case. Dkt. No. 11 at 2-3 (advising Plaintiff that pleadings, motions, and other papers cannot be in the form of an email; rather, they must be signed and attached in pdf format to an email sent to the Clerk of the Court and further advising that until further order of the Court Plaintiff may either (1) sign and mail copies of his handwritten/typed pleadings, motions, or other papers to the Court; or (2) email attached handwritten/typed pleadings, motions, or other papers (signed and in PDF format) to the Clerk of the Court at newcasetxk@txed.uscourts.gov).

The undersigned again ordered that on or before October 6, 2023, Plaintiff shall file an Amended Complaint (either mailed or emailed to the Clerk of the Court as a signed attachment), setting forth (1) the basis for this Court's jurisdiction over the litigation; (2) the claims asserted against each of the Defendants; and (3) the factual allegations in support of Plaintiff's claims under Title VII. *Id.* at 3. Plaintiff was again advised that failure to file an amended complaint to cure the deficiencies identified in the September 7 Order within the time prescribed would result in a recommendation to the District Court that the above case be dismissed. *Id.* As of this date, Plaintiff has failed to amend as ordered by the Court.

## **STANDARD OF REVIEW**

Courts are to liberally construe the pleadings of a *pro se* party, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a liberally-construed *pro se* ... complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

Section 1915(e) requires dismissal of an IFP complaint at any time if the court determines the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[1] *Griffin v. CPS/OCR Off.*, No. 5:20-CV-219-H-BQ, 2021 WL 1520010, at *1 (N.D. Tex. Feb. 18, 2021), *report and recommendation adopted*, No. 5:20-CV-219-H-BQ, 2021 WL 1516387 (N.D. Tex. Apr. 16, 2021) (citing 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); also citing *Newsome v. E.E.O.C.*, 301 F.3d 227, 231–33 (5th Cir. 2002) (affirming dismissal of *pro se*, non-prisoner plaintiff's claims as frivolous and for failure to state a claim under § 1915(e)(2)(B)(i) and (ii))). Pursuant to this provision, the court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and

---

[1] Plaintiff is not a "prisoner" within the meaning of 28 U.S.C. § 1915(h) and is not subject to the screening provisions of the Prison Litigation Reform Act. Because Plaintiff sought and was granted leave to proceed IFP, however, he is nevertheless subject to screening under 28 U.S.C. § 1915(e)(2). *Griffin v. CPS/OCR Off.*, No. 5:20-CV-219-H-BQ, 2021 WL 1520010, at *1n. 2 (N.D. Tex. Feb. 18, 2021), *report and recommendation adopted*, No. 5:20-CV-219-H-BQ, 2021 WL 1516387 (N.D. Tex. Apr. 16, 2021).

those that clearly lack any basis in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Additionally, pursuant to Federal Rule of Civil Procedure 41(b), a court may order the dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b); *see also* Local Rule CV-41 (authorizing the district court to dismiss an action for want of prosecution *sua sponte* whenever necessary to achieve the orderly and expeditions disposition of cases); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998); s*ee generally McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988) (a district court may dismiss an action for failure to prosecute or to comply with an order of the court).

## **DISCUSSION**

The undersigned has conducted a § 1915(e) review of the claims made in Plaintiff's complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). As explained in the September 7, 2023 Order, Plaintiff fails to plausibly state a claim on which relief may be granted. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *Hamilton v. Dallas Cnty*., No. 21-10133, 2023 WL 5316716, at *1 (5th Cir. Aug. 18, 2023). To adequately plead a Title VII claim, a plaintiff must allege he was discriminated against, *because of a protected characteristic*, with respect to hiring, firing, compensation, or the "terms, conditions, or privileges of employment." *Id*. at *8. Plaintiff has not alleged he was a member of a protected class or that similarly situated employees outside his protected class were treated more favorably – only that he was terminated for inquiring about compliance with overtime laws.

Plaintiff's retaliation claim fails for similar reasons. A plaintiff establishes a *prima facie* case

of retaliation by showing: (1) that [he] engaged in activity protected by Title VII; (2) that an adverse employment action occurred; and (3) that there was a causal connection between the participation in the protected activity and the adverse employment decision. *Lan v. Univ. of Texas at San Antonio*, No. SA-22-CV-00769-FB, 2023 WL 3066231, at *4 (W.D. Tex. Apr. 24, 2023) (citing *LeMaire v. State of La.*, 480 F.3d 383, 388 (5th Cir. 2007)). Under Title VII, a "protected activity" for the purposes of a retaliation claim includes any opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Id.* (quoting *Ackel v. Nat'l Commc'n Inc.*, 339 F.3d 376, 385 (5th Cir. 2003) (quoting *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 657 (5th Cir. 2002))). Here, Plaintiff has failed to allege he opposed discriminatory conduct forbidden by Title VII as necessary to support a retaliation claim. Rather, Plaintiff alleges he was discriminated against for asking questions "about how the company got around federal laws of not paying overtime wages." Dkt. No. 1-1 at 4. Thus, Plaintiff has failed to allege he participated in a Title VII protected activity. Put differently, Plaintiff does not allege Defendant engaged in any discriminatory conduct under Title VII, so he fails to state a claim for retaliation under Title VII.

The Court has allowed Plaintiff an opportunity to amend his complaint to provide additional facts, if true, that would support a claim against Defendants. The Court has also accommodated Plaintiff's requests to receive electronic notice from the Court and to allow Plaintiff to mail or email attached, signed pleadings to the Clerk of the Court. It has been over ten days since the October 6 amendment deadline, and Plaintiff has not filed an amended complaint as ordered by the Court, despite the fact that he has been advised in two separate orders of the October 6 deadline and that failure to amend would result in a recommendation that the above case be dismissed (Dkt. Nos. 9, 11). The Court concludes that the above case should be dismissed with prejudice pursuant to 28 U.S.C. §

1915(e) for failure to state a claim and also for failure to amend as ordered. Accordingly, it is

**RECOMMENDED** that the above-entitled and numbered cause of action be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e).

<u>Objections</u>

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

SIGNED this the 16th day of October, 2023.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE